## CAESAR v. GRAND LODGE, COLORED KNIGHTS OF PYTHIAS OF TEXAS.

### No. 1412.

Court of Civil Appeals of Texas. Waco.

Sept. 28, 1933.

Rehearing Denied Nov. 2, 1933.

R. D. Evans, of Waco, for plaintiff in error.

Allan McDonnell, of Waco, for defendant in error.

STANFORD, Justice.

This is a suit brought by A. C. Caesar, as plaintiff, against the Grand Lodge, Colored Knights of Pythias of Texas, as defendant. Plaintiff sued upon a policy of insurance alleged to have been issued by the defendant association and requested a recovery of $100 on said policy, together with $75 death benefit funds and $50 attorney's fees. Later plaintiff filed an amended petition, asking the recovery of $300 on the policy of insurance, $75 death benefits funds, and $150 attorney's fees.

The defendant association, by amended answer, pleaded that it was a fraternal benefit association, organized under the laws of Texas; that the policy of insurance issued to the deceased Essic Caesar, assured, provided on its face that it was subject to all by-laws and regulations of the association then in effect, and thereafter to be regularly adopted by the association; and further pleaded that under and by virtue of the contract and the laws of the state of Texas applicable, all by-laws of the association in effect at the time of the death of the assured constituted and were a part of the policy of insurance.

The defendant association then pleaded its by-laws in effect at the time of the death of the assured, especially those by-laws providing for the payment of quarterly dues in January, April, July, and October of each year and which provided for automatic suspension of death benefits and insurance for failure to pay the same on or before February, May, August, and November of each

year; and further pleaded those by-laws obligating these payments to be made to the master of finance of the local lodge and those other by-laws which provided that death benefits to the extent of $75 should not be paid unless the premiums on the insurance policy issued to its members were paid and the policy in good standing.

Defendant association then expressly charged that the deceased assured, Essie Caesar, had failed to pay the taxes and premiums due on his insurance January 1, 1931, and had remained in default of such payment for the full month of grace allowed for the payment thereof; that the assured died March 23, 1931, still in default of such payment; and that under the by-laws. the policy of insurance was automatically forfeited, void, and of no effect by reason of the failure to pay said premiums.

Plaintiff replied by supplemental petition. In these pleadings the plaintiff pleaded that the by-laws referred to by the defendant in its answer had been subsequently adopted to the issuance of the policy and that the policy would not have been forfeited under previous by-laws had they been still in effect. The plaintiff specially denied the default as pleaded by the defendant, claiming the premiums had been paid. Plaintiff also charged that if the tax was not paid that a tender had been made within the month following January 1, 1931, and also asserted a waiver of prompt payment.

All matters of fact as well as law were submitted to the trial court and the trial court resolved the same in favor of defendant, Grand Lodge, Colored Knights of Pythias of Texas, holding the policy forfeited by failure to pay premiums as required by the by-laws.

According to the undisputed evidence introduced on the trial of this cause, the policy of insurance sued upon, same having been sent up as an exhibit in this cause, provides as follows: "This certificate is issued and accepted subject to all the conditions on the back hereof and subject to all the laws, rules and regulations of the Grand Lodge Colored Knights of Pythias of Texas, which are now in force or may hereafter be enacted, and shall be null and void if said knight does not comply with all of said conditions and with all of the laws, rules and regulations of the Grand Lodge Colored Knights of Pythias of Texas that are now in force, or which may hereafter be enacted or made."

Article II, section 1, of the Endowment Laws of the Lodge, with reference to the payment of premiums and forfeiture for nonpayment thereof. reads as follows:

"Grand Lodge tax, endowment or premium against every member of the Order shall become due and payable on the first days of January, April, July and October of each year, and each and every member failing and refusing to pay said tax, endowment or premiums on or before the first days of February, May, August and November of each year, shall ipso facto stand suspended from all benefits of the Endowment Department and all other departments of the Order during the quarter in which said member shall fail and refuse to comply with the provisions of this section, and no liability incurred during that quarter by reason of the death of a member shall be a liability against the Endowment Department or any other department of the Grand Lodge, and subsequent payment during that quarter will not be permitted by the Grand Lodge, and no officer of a subordinate lodge or the Grand Lodge shall have any power or authority to waive this provision of the law, and no affirmative action on the part of the subordinate lodge or the Grand Lodge shall be necessary to effect said suspension from benefits."

"Section 2. Suspension from benefits as used herein means that the member having failed to pay Grand Lodge tax, burial tax, endowment or premiums, will be denied any benefit which would accrue to said member or his beneficiary if he was in good and financial standing. but does not mean that he has been suspended from the Lodge, and in no way affects said member other than his certificate is for that quarter, lapsed and of no effect, and said member or his beneficiary would not be entitled to recover benefits of any kind or character."

The defendant association expressly charged that the deceased assured, Essie Caesar, had not paid taxes and premiums due on his insurance on January 1, 1931, and had remained in default of such payment for the full month of grace allowed for the payment thereof; that the assured died March 23, 1931, still in default of such payment; and that under the by-laws, the policy of insurance was automatically forfeited, void, and of no effect, by reason of the failure to pay said premiums. According to the undisputed evidence introduced, Essie Caesar did not pay the premium due under the by-laws on January 1, 1931. The only receipt introduced in evidence by the plaintiff was a receipt issued in October, 1930, to the assured. Essie Caesar. This receipt was a blue receipt, indicating that the member was in arrears for that quarter; in other words, indicating that he owed the October quarter and the one preceding quarter. This receipt for the October quarter disclosed that the assured had paid $1.50 endowment tax, $1.50 burial tax, and 50 cents Grand Lodge tax, and the arrears premium and local lodge tax, $1.50. This was the total amount of the receipt, although it bore a pencil memorandum indicating that 50 cents additional had been paid the local lodge. This was the last payment made by deceased. There was introduced in evidence the next book of receipts, being for the January quarter, and there was in-

troduced in evidence, not the stub, as indicated by the plaintiff in error in his brief, but the receipt, showing that it had not been delivered by the Grand Lodge to the deceased.

We think the evidence is conclusive to the effect that the last payment made by Essie Caesar was made by him on the 26th of October, 1930. It is equally apparent that the next payment was due on January 1, 1931, and said payment was never made. The deceased died on the 23d day of March, 1931, the January payment still not having been made. The only question involved in this case is whether or not the trial court correctly held that for failure to pay the January, 1931, dues within the time prescribed by the by-laws, the policy of insurance stood automatically suspended on account of such nonpayment at the time of the death of the assured, which occurred, under the undisputed evidence, on March 23, 1931. The evidence was conclusive that the assured had not paid the dues within the period of grace allowed for the payment thereof; that is, that they were not paid or tendered prior to the 1st of February, 1931. The evidence is clear and undisputed that the by-laws provide automatic suspension on account of failure to pay within the prescribed time, and that they cannot be paid and the policy reinstated prior to the next ensuing quarter which began with April, 1931. The evidence is also clear that no tender of dues could have been made under the by-laws until April, and of necessity none was made. Southie House v. Grand Lodge, Colored K. of P. (Tex. Civ. App.) 48 S.W.(2d) 674; Tabor v. Modern Woodmen (Tex. Civ. App.) 163 S. W. 324 (writ refused); The Maccabees v. Palmore (Tex. Civ. App.) 33 S.W.(2d) 243, par. 2.

The judgment in favor of defendant in error is in all things affirmed.